# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. CR 07-2046 JB

ELIAS WHITMORE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Sentencing Memorandum on Behalf of Elias Whitmore, filed October 10, 2011 (Doc. 118)("Whitmore Sentencing Memorandum"); and (ii) the United States' Sentencing Memorandum, filed October 12, 2011 (Doc. 119)("USA Sentencing Memorandum"). The Court held a sentencing hearing on October 13, 2011. The primary issue is whether the Court should sentence Defendant Elias Whitmore at the top or bottom of the advisory guideline range. Because Whitmore committed his crime when he was fifteen years old, the Court believes that the factors in 18 U.S.C. § 3553(a) weigh in favor of a sentence at the low end of the advisory guideline range. The Court will sentence Whitmore to 168-months incarceration.

## FACTUAL BACKGROUND

On September 1, 2007, Whitmore was driving around in a pick-up truck with some friends. See Presentence Investigation Report ¶ 12, at 5, disclosed July 13, 2011 ("PSR"). Whitmore and two other individuals arrived at Loren Kie's residence "with the intent of obtaining more alcohol." PSR ¶ 12, at 5. Whitmore and the two other individuals entered the home while Kie was sleeping. See PSR ¶ 12, at 5. Once Kie was awake, one of the individuals, Gerald Allen Mora, asked Kie where he kept his beer and a fifth of hard liquor. See PSR ¶ 12, at 5. Kie stated that he did not

know.  See PSR ¶ 12, at 5.  One of the individuals, Brandon C., began talking to Kie to distract him

while Mora and Whitmore began searching for the alcohol.  See PSR ¶ 12, at 5.  Shortly afterwards,

Brandon C. began to beat Kie with a police night stick.  See PSR ¶ 12, at 5.  Whitmore began

striking Kie with his fists and then stabbed him with a knife.  See PSR ¶ 12, at 6.  As Kie "screamed

for help, Brandon C. grabbed a large folding knife from the dresser" and handed the knife to

Whitmore, telling Whitmore to "finish him."  PSR ¶ 14, at 6.  Whitmore stabbed Kie in the ribs.  See

PSR ¶ 14, at 6.  Brandon and Whitmore then struck Kie's head with a brick.  See PSR ¶ 14, at 6.

Mora reportedly beat Kie with a night stick several times.  See PSR ¶ 14, at 6.  Whitmore beat Kie

"with a weed whacker," during which time Brandon saw and heard Kie "choking in his own blood."

PSR ¶ 16, at 7.  At some point, Mora left the area, because he could no longer handle watching the

assault.  See PSR ¶ 12, at 6.

## PROCEDURAL BACKGROUND

Whitmore, pursuant to a Plea Agreement, filed May 12, 2011 (Doc. 98), pled guilty to the

Information, filed May 12, 2011 (Doc. 95), charging him with a violation of 18 U.S.C. § 1153 and

1111(a), that being second-degree murder.  The parties stipulate that "a sentence within the

sentencing guideline range of 168 to 210 months imprisonment is the appropriate disposition for this

case."  Plea Agreement ¶ 9, at 4.  The parties agreed to a 3-level reduction on Whitmore's base

offense level under U.S.S.G. § 3E1.1.  See Plea Agreement ¶ 9, at 4.

The United States Probation Office ("USPO") disclosed a PSR for Whitmore on July 13,

2011.  In the PSR, the USPO calculated Whitmore's total offense level to be 35.  See PSR ¶ 42, at

12.  The PSR calculated a base offense level of 38 under U.S.S.G. § 2A1.2(a).  See PSR ¶ 35, at 11.

The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Whitmore's acceptance of

responsibility.  PSR ¶ 41, at 12.  The PSR lists his criminal history category as I, based on 0 criminal

history points.  See PSR ¶ 45, at 13.  The PSR calculated that an offense level of 35 and a criminal

history category of I results in a guideline imprisonment range of 168 to 210 months.  See PSR ¶ 75,

at 18.  On July 25, 2011, the USPO disclosed an Addendum to the PSR to include a statement

regarding Whitmore's acceptance of responsibility and to include some character letter references

on Whitmore's behalf.  There being no disputes about the PSR's factual findings, the Court adopts

them as its own.

On October 10, 2011, Whitmore filed his Whitmore Sentencing Memorandum.  He requests

that the Court sentence him at the low end of the advisory guideline range to 168-months

imprisonment.  See Whitmore Sentencing Memorandum at 1.  He notes that he grew up as "part of

a very unstable, very dysfunctional and very empty family environment."  Whitmore Sentencing

Memorandum at 1.  He states that he grew up without a father, "and with alcoholic, drug abusing

role models around him."  Whitmore Sentencing Memorandum at 1.  He asserts that his mother

became pregnant at the age of sixteen, and is the mother of six children from three different

relationships.  See Whitmore Sentencing Memorandum at 1.  He contends that he grew up around

violence and began to emulate that violence.  See Whitmore Sentencing Memorandum at 2.  He

states that "[o]ne of his mother's boyfriends once choked [him] until he passed out."  Whitmore

Sentencing Memorandum at 2.  He notes that "his mother left the home to serve a 27-month federal

prison sentence for assault resulting in serious bodily injury."  Whitmore Sentencing Memorandum

at 2.  He notes that, after his mother left home for prison, her departure disrupted his life, and he

began experimenting with alcohol and drugs.  See Whitmore Sentencing Memorandum at 2.

Whitmore asserts that he was "only fifteen years old on the date he committed the instant offense."

Whitmore Sentencing Memorandum at 3.  He contends that he "experienced nightmares of the

offense and was haunted by visions of the victim" for several months after the offense.  Whitmore

Sentencing Memorandum at 3.  He notes that the experts who have evaluated him "believe that he is capable of being rehabilitated because his behavior and attitude has changed and because he has matured and improved his coping skills and his self-control."  Whitmore Sentencing Memorandum at 4.

On October 12, 2011, Plaintiff United States of America filed its USA Sentencing Memorandum.  The United States notes that Whitmore has a violent history that began early in his youth.  See USA Sentencing Memorandum at 1.  It notes that Whitmore cares little about the consequences of his actions and will not take responsibility for his behavior.  See USA Sentencing Memorandum at 1.  The United States asserts that Kie's death has devastated his family.  See USA Sentencing Memorandum at 2.  The United States contends that they were "particularly bothered by the loss of a family member in such a brutal and heinous fashion," and that, "because of the extent of the beating that Mr. Kie suffered," the family could not "follow traditional burial customs." USA Sentencing Memorandum at 2 (citing PSR ¶¶ 23, 25, at 8-9).  The United States directs the Court to some poetry Whitmore published, which it asserts reflects his "boastful, arrogant and sociopathic response to the event." USA Sentencing Memorandum at 2-3.  The United States argues that the circumstances of this case would support an upward departure under U.S.S.G. § 5K2.8 based on the extreme nature of the conduct in this case.  See USA Sentencing Memorandum at 3.  The United States requests a sentence at the upper end of the advisory guideline range -- 210 months-imprisonment.  See Sentencing Memorandum at 3.

At the sentencing hearing on October 13, 2011, the parties agreed to the Court reducing Whitmore's offense level 3 levels for acceptance of responsibility.  See Transcript of Hearing at

3:12-21 (taken October 13, 2011)(Court, Torrez, Bowles)("Tr.").[1]  Whitmore emphasized that he

was fifteen years old at the time he committed the offense.  <u>See</u> Tr. at 14:25-15:6 (Bowles).

Whitmore also reiterated that he grew up in a violent and abusive family background.  <u>See</u> Tr. at

5:15-19 (Bowles).  He recounted that, shortly before this incident occurred, two adults beat him.

<u>See</u> Tr. at 5:20-25 (Bowles).  He noted that he has done his best in prison to take advantage of the

various programs available to him.  <u>See</u> Tr. at 6:1-8 (Bowles).  He then apologized to the victim's

family.  <u>See</u> Tr. at 7:8-17 (Whitmore).  The United States emphasized that treating a juvenile as an

adult is rare, and that, consequently, the Court should consider Whitmore's case to be an exceptional

one.  <u>See</u> Tr. at 20:4-21:5 (Torrez).  The United States asked the Court to recall the brutality of the

facts underlying the offense.  <u>See</u> Tr. at 22:17-23:2 (Torrez).  The United States noted that a

psychological evaluation of Whitmore indicated that he has a sociopathic personality and there was

a high risk of recidivism for committing future offenses.  <u>See</u> Tr. at 23:8-25 (Torrez).

## <u>ANALYSIS</u>

The Court believes it is appropriate to sentence Whitmore to a sentence at the low end of the

advisory guideline range, because he was a juvenile when he committed the offense and because

further incarceration beyond 168-months imprisonment will not support his rehabilitation.  While

the Court will sentence Whitmore to a sentence at the bottom of the guideline range, 168-months

imprisonment, the Court believes that the gravity of the offense counsels against any downward

variance.  The Court recognizes that it permitted the United States to try Whitmore as an adult.  That

decision, however, is a separate one from determining what is the appropriate sentence for Whitmore

to best reflect the factors in 18 U.S.C. § 3553(a).

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

The Court is tasked with sentencing a young man who committed the offense at the age of fifteen.  Whitmore has already served four years of his adolescence behind bars for his crime.  The incarceration of juveniles differ from that of adults.  According to some studies, incarceration of youth does not benefit society or the juvenile.  <u>See</u> Richard A. Mendel, <u>No Place for Kids: The Case for Reducing Juvenile Incarceration</u> 2-4 (2011), <u>available at</u> http://www.aecf.org/OurWork/JuvenileJustice/~/media/Pubs/Topics/Juvenile%20Justice/Detention%20Reform/NoPlaceForKids/JJ_NoPlaceForKids_Full.pdf.  The Court has a different task before it in arriving at an appropriate sentence for Whitmore than it does when arriving at sentences for defendants who committed crimes as adults, particularly given Whitmore's age of fifteen at the time of the offense.

The Court notes that Whitmore is one of three individuals who assaulted Kie with a brick, a nightstick, a knife, and  a weed whacker, leading to his death.  The Court has carefully considered the parties' arguments and the circumstances of this case.  The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court believes that punishment at the low end of the advisory guideline range is appropriate for Whitmore's offense.  The Court agrees with Whitmore that a sentence of 168 months is sufficient to reflect the seriousness of this offense.  The Court acknowledges the sad, awful, brutal, and heinous nature of the charged crimes.  Several members of the victim's family appeared at the sentencing hearing to express their deep sadness and anger over what happened.  Out of all those involved in this criminal conduct, the Court has treated Whitmore different than his co-Defendants and has allowed the United States to prosecute him as an adult.  While he is now nineteen-years old, the Court believes it is important to remember that he was fifteen when he committed the offense.  Our criminal justice system treats juveniles differently in part because of the recognition that

incarceration is an imperfect tool, particularly for rehabilitating juveniles.  Cf. Graham v. Florida, 130 S.Ct. 2011, 2028-30 (2010)(recognizing that none of the legitimate goals of incarceration, such as "retribution, deterrence, incapacitation, and rehabilitation," provide an adequate justification for permitting a sentence of life without parole for a juvenile nonhomicide offender).  Whitmore has already served four years of his adolescence behind bars.  The Court believes that, in its analysis of the 18 U.S.C. § 3553(a) factors in this case, the need for rehabilitation should take on particular significance.  The Court recognizes that society believes juveniles, even when they have committed heinous crimes, may someday be able to change and offer something positive to society.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  The Court believes that a sentence of 168 months is appropriate to reflect the seriousness of Whitmore's crime.  Once Whitmore's sentence is complete, he will have served approximately 14-years imprisonment.  Given the seriousness of this offense, and that the sentence falls within the advisory guideline range, the Court does not believe that this sentence will create unwarranted sentencing disparities among similarly situated defendants.  The Court feels there is a need for some clemency given Whitmore's age, but it must remember that he instigated this particularly brutal offense.   Some of the troubling things in Whitmore's past, however, make the Court hesitant to impose a lengthier sentence than 168-months imprisonment.  The Court has seen some progress, at times uneven but nevertheless progress, in Whitmore's rehabilitation up until this point in time.  Other conditions that the Court will require as part of supervised release will also provide Whitmore with some needed education, training, and care to prevent these problems from reoccurring.  This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants,

and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  Whitmore will be roughly twenty-nine years old when he completes his sentence.  He will have spent some of the most important years of his life in prison, so the Court does not believe that this sentence will fail to promote respect for the law or afford adequate deterrence.  His risk of recidivism will likely decrease once he approaches his thirties as well.  Imposing additional time in prison, however, would not more fully reflect the factors embodied in 18 U.S.C. § 3553(a).  The Court recognizes that Whitmore has some talents, and is hopeful that he will be able to contribute something positive to society at the time of his release.  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court sentences Whitmore to 168-months imprisonment.

**IT IS ORDERED** that the request to sentence Defendant Elias Whitmore to the bottom of the advisory guideline range contained in the Sentencing Memorandum on Behalf of Elias Whitmore, filed October 10, 2011 (Doc. 118), is granted.  The Court will deny the request to sentence Whitmore to a sentence at the top of the advisory guideline range contained in the United States' Sentencing Memorandum, filed October 12, 2011 (Doc. 119).  The Court will sentence Whitmore to 168-months imprisonment.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Presiliano Torrez
Kimberly A. Brawley
  Assistant United States Attorneys
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

P. Jeffery Jones
Santa Fe, New Mexico

     *Attorney for the Defendant*